RYAN, Respondent, v. THIRD AVE. R. CO., Appellant. (City Court of New York, General Term. December, 1901.) Action by Dennis Ryan against the Third Avenue Railroad Company. Henry A. Robinson (John T. Little, of counsel), for appellant. Hardiman &

McGoldrick (Albert W. Venino, of counsel), for respondent.

FITZSIMONS, C. J. The defendant employed Norton & Co. as contractors to make certain alterations in its road, so as to allow defendant to use electricity as a motive power, instead of the underground cable then in use. The contractors employed plaintiff as an iron worker in connection with said work, and on the day he was injured he was actually engaged at his work. He was struck by one of defendant's cars, and was severely injured. While the workmen were at work, defendant's cars were running as usual. Of course, plaintiff was aware of that fact, and defendant's motorman also knew that the workmen were doing the work assigned to them. Under these circumstances, both plaintiff and defendant's employés were required to use due care and prudence. Plaintiff, while employed, was bound to use reasonable care to note the approach of cars, and defendant's motormen were bound, at least when approaching a workingman employed along the track, to use ordinary care, so as not to injure him, and were bound, under the circumstances, to have their cars under such control that they could be stopped almost instantly. It appears that at the time plaintiff was injured he was putting a nut on a bolt in an expansion box; that before he stepped upon the track, which he had to do to perform said work, he looked down the track, but no car was in sight. He continued said work until he was knocked down and injured. As before stated, no signal was given, nor was he aware of its presence, until the car was upon him, when he endeavored to escape; but it was then too late for him to do so, and he was carried along by it for about 20 or 30 feet. Evidently the jury believed plaintiff's version of this matter to be true, and, so believing, of course, determined that plaintiff was not negligent, and that defendant was. The evidence is more than sufficient to sustain such a conclusion. Upon the question of damage, the finding of the jury, we think, is reasonable. It appears that plaintiff's leg was broken, and he was otherwise injured, and that for 11 months he was unable to work, and suffered considerable pain. The jury awarded him $912, which is not excessive. The defendant also contends that either the plaintiff or his employés were bound to furnish a watchman to warn him and other employés of the approach of cars. No such duty rested upon either of them. We find no error was committed in the admission or exclusion of evidence, and defendant has not pointed out any such error. The charge of the jury is unexceptional. The defendant evidently thought so at the trial, because no exception to it was taken. Judgment must be affirmed, with costs. Judgment affirmed, with costs. All concur.